UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Eric D. Hovde and Steven D. Hovde, | )<br>) |
| Plaintiffs, | ) Case No. 18 CV 07323<br>) |
| vs. | ) Judge: Honorable John Z. Lee<br>) |
| ISLA Development LLC and Jeffrey T. Riegel, | )<br>) Magistrate Judge: Hon. Maria Valdez<br>) |
| Defendants | ) |

### PLAINTIFFS' FIRST AMENDED COMPLAINT
### PURSUANT TO F.R.C.P. 15(a)(1)(B)

Now comes the plaintiffs, Eric D. Hovde and Steven D. Hovde., by their attorneys, Ruff, Freud, Breems & Nelson Ltd. and complaining of the defendants ISLA Development LLC and Jeffrey T. Riegel states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. This diversity action has been initiated by the plaintiffs, Eric D. Hovde and Steven D. Hovde, ("Lenders"), to recover the unpaid principal and interest due and owing to Lenders as evidenced by that certain Mortgage Note and Guaranty dated June 2, 2005, as amended, in the original principal amount of $2,500,000 (the "Note").

2. The borrower under the Note is the defendant ISLA Development LLC ("Borrower"), and the defendant Jeffrey T. Riegel, ("Guarantor") is the Chief Manager, President and sole member of Borrower, who guaranteed in writing the repayment of the indebtedness as evidenced by the Note, as amended.

3. The Note and related Loan and Security Agreement ("Loan Agreement") were amended from time to time to facilitate the purchase and development of certain real property located in Mexico. The Note, as amended, matured pursuant to a Third Amendment to Mortgage

1

Note and Guaranty on February 28, 2009. There remains due and owing to Lenders as evidenced by the Note, as amended, a sum in excess of $95,000,000.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs and because the dispute is between citizens of different states.

5. The plaintiff Eric D. Hovde is a resident of the state of Wisconsin.

6. The plaintiff Steven D. Hovde is a resident of the state of Illinois.

7. The defendant ISLA Development LLC is a Minnesota limited liability company headquartered in the state of Minnesota.

8. The defendant Jeffrey T. Riegel is a resident of the state of Florida.

9. Jurisdiction and venue are proper in the Northern District of Illinois, Eastern Division, because simultaneously with the execution of the Note, Lenders and Borrower entered into a Loan Agreement on June 2, 2005 which provides in pertinent part in paragraph 19 (b) thereof that:

> "At Lender's election, to be entered in its sole discretion, any legal suit, action or proceeding against borrower or lender arising out of or relating to this note or the other loan documents shall be instituted in any federal or state court in Illinois."

10. A true and correct copy of the Loan Agreement is attached hereto and made a part hereof as exhibit "A".

11. Furthermore, on June 2, 2005 Riegel executed a Continuing Unconditional Guaranty of the repayment of the indebtedness as evidenced by the Note, as amended (the "Guaranty") for the benefit of Lenders which provides in pertinent part:

2

2852 024995 292769

> "THIS GUARANTY SHALL BE GOVERNED AND CONTROLLED BY THE INTERNAL LAWS OF THE STATE OF ILLINOIS
>
> GUARANTOR IRREVOCABLY AGREES THAT, SUBJECT TO LENDER'S SOLE AND ABSOLUTE ELECTION, ALL ACTIONS OR PROCEEDINGS IN ANY WAY, MANNER OR RESPECT, ARISING OUT OF OR FROM OR RELATED TO THIS GUARANTY SHALL BE LITIGATED IN COURTS HAVING SITUS WITHIN THE CITY OF CHICAGO, STATE OF ILLINOIS. GUARANTOR HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY LOCAL, STATE OR FEDERAL COURTS LOCATED WITHIN SAID CITY AND STATE. GUARANTOR HEREBY WAIVES ANY RIGHT IT MAY HAVE TO TRANSFER OR CHANGE THE VENUE OF ANY LITIGATION BROUGHT AGAINST GUARANTOR BY LENDERS IN ACCORDANCE WITH THIS PARAGRAPH."

12. A true and correct copy of the Guaranty is attached hereto and made a part hereof as exhibit "B".

13. In addition to the forum selection clauses set forth in paragraphs 9 and 11 above, this Court has personal jurisdiction over Borrower and Guarantor in this diversity action because an Illinois state court would have such jurisdiction pursuant to the Illinois long-arm statute, which is made applicable to an Illinois federal district court sitting in a diversity case pursuant to Federal Rule 4(k)(1)(A).

14. Specifically, the long-arm statute of the state of Illinois, 735 ILCS 5/2-209(a)(1) and (7) of the Code of Civil Procedure provides in pertinent part that any person, whether or not a citizen or resident of this State, submits to the jurisdiction of the courts of Illinois as to any cause of action arising from the doing of any of the following acts:

2852 024995 292769

    (1)  The transaction of any business within this State; or

    (7)  The making or performance of any contract or promise substantially connected with this State.

15. In the loan transaction complained of, the Note was made and delivered in Illinois and specifically acknowledges that "This Note is being delivered in, and shall be governed by the laws of the state of Illinois."

16. Equally significant, all disbursements by Lenders of the loan proceeds were made from an account at BMO Harris in Illinois and the loan proceeds wire transferred to the defendants as they directed.

17. In addition, the Loan Agreement required personal performance by ISLA here in Illinois because repayment of the indebtedness due to plaintiffs was to be made in this state.

18. Venue is proper in Illinois pursuant to 28 U.S.C. §1391 as to both defendants because (1) the two defendants are not residents of the same state; (2) the events and omissions giving rise to the claim occurred in Illinois; and (3) the defendants are subject to personal jurisdiction in Illinois.

COUNT I AGAINST THE DEFENDANT
<u>ISLA DEVELOPMENT LLC</u>

19. On or about June 2, 2005, Borrower executed the Note payable to the order of Lenders evidencing its indebtedness to the Lenders in the principal amount of $2,500,000. The Note specifically memorialized that "This Note is being delivered in, and shall be governed by the laws of, the State of Illinois."

20. A true and correct copy of the Note is attached hereto and made a part hereof as exhibit "C".

2852 024995 292769

21. The Note was payable on June 2, 2007 when the unpaid balance of principal and interest was payable in full. The Note specified that all payments to Lenders were to be made at their "office in Inverness, Illinois."

22. The Note provided that interest accrued on the unpaid principal balance from June 2, 2005 at the contract rate of 25% per annum, compounded monthly, on the basis of the actual number of day elapsed in a 360 day year. The Note evidenced a commercial loan and not a consumer transaction.

23. On or about November 16, 2005, Borrower, Guarantor and Lenders entered into an Amendment to Mortgage Note and Guaranty pursuant to which Lenders agreed to Borrower's request to use a portion of the loan proceeds made available under the Loan Agreement to buy the Kolb Parcel in Mexico in substitution to the Ventosa Parcel in Mexico, all as defined in the Amendment to the Loan Agreement. Lenders further agreed to a draw under the Loan Agreement in the amount of $404,229 to be used for the purchase of the Kolb Parcel including closing costs and related expenditures. Except as expressly amended, all other terms and conditions of the Note remained in full force and effect.

24. On or about July 26, 2007, Borrower, Guarantor and Lenders, entered into a Second Amendment to Mortgage Note and Guaranty, pursuant to which Lenders agreed to Borrower's requests for an additional draw of $500,000 under the Loan Agreement to be used to pay for construction costs incurred by Borrower, and to extend the maturity date of the Note to November 1, 2007. Except as expressly amended, all other terms and conditions of the Note remained in full force and effect.

25. On or about September 17, 2007, Borrower, Guarantor and Lenders, entered into a Third Amendment to Mortgage Note and Guaranty pursuant to which Lenders agreed to

5

Borrower's request to, *inter alia*, increase the amount of the available credit under the Loan Agreement by $1,500,000, which sum was to be disbursed by Lender in three draws of $500,000 each in September, October, and November of 2007, and such funds were wire transferred from Illinois by plaintiffs to be used to pay construction costs incurred by Borrower. The parties further agreed to extend the maturity date of the Note to February 28, 2009 when the unpaid balance of principal and interest was due and payable in full. Except as expressly amended, all other terms and conditions of the Note remained in full force and effect.

26. A true and correct copy of the Third Amendment to Mortgage Note and Guaranty is attached hereto as exhibit "D".

27. Notwithstanding the terms and provisions of the Third Amendment to Mortgage Note and Guaranty, the indebtedness as evidenced by the Note, as amended, was not paid, renewed or modified on February 28, 2009 or on any date thereafter.

28. Borrower breached the provisions of the Note as modified, and as a direct and proximate result thereof, Lenders have sustained substantial pecuniary damage.

29. Lenders performed all the terms and provisions of the Note, as amended, and Loan Agreement as amended, to be performed on their part.

30. There remains due and owing to Lenders as of October 31, 2018 the principal sum of $4,517,321.30 plus accrued but unpaid interest in the amount of $91,241,866.45 for the aggregate amount of $95,759,187.75. Interest continues to accrue on the unpaid principal balance in accordance with the terms of the Note as amended.

31. Pursuant to the terms of the Note, Lenders are entitled to the recovery of their reasonable attorney's fees and all reasonable expenses paid or incurred by the Lenders in the enforcement and collection of the Note, as amended.

2852 024995 292769

WHEREFORE, the plaintiffs Eric D. Hovde and Steven D. Hovde pray for a judgment in their favor and against the defendant ISLA Development LLC for the sum of $95,759,187.75 plus continuing interest at the rate of 25% per annum, compounded monthly, from October 31, 2018 until final judgment, together with reasonable attorney's fees and costs of these proceedings.

## COUNT II AGAINST THE DEFENDANT
## JEFFREY T. RIEGEL

1-29. Plaintiffs reallege and incorporate paragraphs 1-29 inclusive of count I as paragraphs 1-29 inclusive of count II as though fully set forth herein.

30. The Note contains a written guaranty of the Guarantor who expressly guaranteed "all obligations representations, warranties and covenants of Borrower pursuant to this Mortgage Note, including all payment and collection obligations." (please see exhibit "C").

31. Furthermore, on June 2, 2005 Riegel executed a Continuing Unconditional Guaranty for the benefit of Lenders which provided in pertinent part that he "unconditionally guaranties (i) the full and prompt payment when due, at maturity, by reason of acceleration or otherwise, and at all times thereafter, of all indebtedness, liabilities and obligations of every kind in nature of Borrower to Lenders, howsoever evidenced, whether now existing or hereafter created or arising, direct or indirect, absolute or contingent, joint or several, and howsoever owned, held or acquired by Lenders." (please see exhibit "B").

32. The Guaranty further provided that it "shall in all respects be continuing, absolute and unconditional, and shall remain in full force and effect with respect to any Guarantor until satisfaction in full of the Borrowers Liabilities."

7

33. Guarantor breached his contract of Guaranty as contained both in the Mortgage Note and Guaranty (exhibit "C") and further breached his Guaranty (exhibit "B") and as a direct and proximate result thereof, Lenders have sustained substantial pecuniary damage.

34. There remains due and owing to Lenders as of October 31, 2018 the principal sum of $4,517,321.30 plus accrued but unpaid interest in the amount of $91,241,866.45 for the aggregate amount of $95,759,187.75. Interest continues to accrue on the unpaid principal balance in accordance with the terms of the Note as amended.

35. Lenders performed all the terms and provisions of the Guaranty to be performed on their part.

36. Pursuant to the terms of the Guaranty, Lenders are entitled to the recovery of their reasonable attorney's fees and all reasonable expenses paid or incurred by the Lender in the collection and enforcement of the Note.

WHEREFORE, the plaintiffs Eric D. Hovde and Steven D. Hovde pray for a judgment in their favor and against the defendant Jeffrey T. Riegel for the sum of $95,759,187.75 plus continuing interest at the rate of 25% per annum, compounded monthly, from October 31, 2018 until final judgment, together with reasonable attorney's fees and costs of these proceedings.

                          Eric D. Hovde and Steven D. Hovde

                          By: /s/Edward P. Freud
                              One of their attorneys

Edward P. Freud
Ruff, Freud, Breems & Nelson Ltd.
200 North LaSalle Street, Suite 2020
Chicago, IL 60601, (312) 602-4890
ARDC No. 0876712
epfreud@rfbnlaw.com

CERTIFICATE OF SERVICE

    I, Edward P. Freud, certify that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, service of Amended Plaintiff's Complaint was made on all persons identified as Registrants in the above-captioned lawsuit was accomplished through the Court's Electronic Notice for Registrants before 4:00 p.m. on December 11, 2018.

/s/ Edward P. Freud