**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERIC D. HOVDE and STEVEN D. HODE, <br><br> Plaintiffs, <br><br> v. <br><br> ISLA DEVELOPMENT LLC and JEFFREY T. RIEGEL, <br><br> Defendants. | No. 18-cv-7323 <br> Judge Franklin U. Valderrama |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Eric D. Hovde and Steven D. Hovde (collectively, the Hovdes) filed this action on November 2, 2018 against Defendants ISLA Development LLC (ISLA) and Jeffrey T. Riegel (Riegel) (collectively, Defendants) seeking to collect on loans the Hovdes made to Defendants. R. 1, Compl.[1] On July 31, 2020, the Court[2] granted Defendants' original motion for summary judgment (R. 92) as to ISLA's Note (Count I of the Complaint) and granted the Hovdes' original motion for summary judgment (R. 76) as to Riegel's Guaranty (Count II of the Complaint). R. 126, 7/31/20 Opinion. Riegel filed a motion for reconsideration as to the entry of summary judgment against him (R. 129), which the Court granted in part, vacating summary judgment in favor

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

[2] This case was previously assigned to Judge Lee and was reassigned to this Court on September 28, 2020. R. 93.

of the Hovdes on Count II. R. 135. The Court directed the parties to brief the issue of whether Riegel's statute of limitations defense to the Guaranty (defined below) was waived, and if not, its application to this case. *Id.* Currently before the Court are Riegel's and the Hovdes' cross-motions for summary judgment on the statute of limitations issue as to Count II. *See* R. 136, Def.'s Mot. SJ; R. 138, Pls.' Mot. SJ. For the reasons discussed below, Riegel's Motion for Summary Judgment is granted and the Hovdes' Cross-Motion for Summary Judgment is denied.

## Background

The following facts are undisputed unless otherwise specified. In deciding cross-motions for summary judgment, the Court views the facts in the light most favorable to the respective non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hanners v. Trent*, 674 F.3d 683, 691 (7th Cir. 2012). So, when the Court evaluates Riegel's motion for summary judgment, the Hovdes get the benefit of reasonable inferences; conversely, when evaluating the Hovdes' motion, the Court gives Rigel the benefit of the doubt. On summary judgment, the Court assumes the truth of the facts presented by the parties, but does not vouch for them. *Arroyo v. Volvo Grp. N. Am., LLC*, 805 F.3d 278, 281 (7th Cir. 2015).

In its 7/31/20 Opinion, the Court granted summary judgment in favor of ISLA on Count I (in which the Hovdes sought recovery on a Note (the Note) under which the Hovdes loaned money to ISLA), holding that the ten-year statute of limitations, pursuant to 735 ILCS 5/13–206, expired before the Hovdes filed their Complaint in

2

the instant matter. 7/31/20 Opinion at 15[3]; *see also* R. 139, Pls.' Resp. DSOF ¶ 24.[4] As part of that holding, the Court determined that ISLA's debt accelerated no later than September 2, 2008. 7/31/20 Opinion at 15; R. 136-1, Def.'s Memo. SJ at 7 (citing DSOF ¶ 23); R. 139, Pls.' Resp. DSOF ¶ 23.[5] In Count II, the Hovdes sued Riegel on a guaranty signed contemporaneously with the Note (the Guaranty). Pls.' Resp. DSOF ¶ 10. And acceleration of the underlying Note simultaneously caused the Guaranty to become due. 7/31/20 Opinion at 15; Def.'s Memo. SJ at 7–8 (citing R. 14-2, Guaranty at 1). The Hovdes filed the Complaint on November 2, 2018—10 years and 2 months after the Guaranty became due. Compl.; *see also* Def.'s Memo. SJ at 8 (citing DSOF ¶ 7); Pls.' Resp. DSOF ¶ 23.

---

[3] For a more fulsome recitation of the facts, see the 7/30/20 Opinion; this Opinion addresses only facts relevant to statute of limitations defense as it pertains to the Guaranty.

[4] Citations to the Parties' Local Rule 56.1 Statements of Material Facts are identified as follows: "DSOF" for Riegel's Statement of Material Facts (R. 137); "Pls.' Resp. DSOF" for the Hovdes' Response to Riegel's Statement of Material Facts (R. 139); "PSOAF" for the Hovdes' Statement of Additional Material Facts (R. 139); "PSOF" for the Hovdes' Statement of Facts (R. 140); and Def.'s Resp. PSOF for Riegel's Response to the Hovdes' Statement of Facts (R. 143).

[5] The Hovdes dispute this fact, calling it a "legal conclusion," and noting that "the third amendment to Note specifically provides that 'Borrower shall not be obligated to make any payment of interest of principle prior to February 28, 2009.'" Pls.' Resp. DSOF ¶ 23. But the previously assigned judge already determined that the third amendment's delay provision left open the possibility that an Event of Default would accelerate their right to sue. 7/31/20 Opinion at 13. The Court found that the Note and Guaranty became due on September 2, 2008. *Id.* at 14–15. Not only does the Court agree with the analysis in the 7/31/20 Opinion, but the law of the case also mandates that this Court maintain prior rulings from a previously assigned judge, absent compelling reasons. *See Mendenhall v. Mueller Streamline Co.*, (7th Cir. 2005).

The Guaranty[6] does not include language that specifically waives the "statute of limitations" or mentions the governing statute, 735 ILCS 5/13–206 (*see* Guaranty); however, it states that it "shall in all respects be continuing, absolute and unconditional, and shall remain in full force and effect with respect to any Guarantor until satisfaction in full of the Borrower's Liabilities . . . ." (the Continuing Guaranty Clause). *Id.* at 1–2. The Guaranty also contains a nonspecific waiver of defenses clause, along with several specific waivers of defenses. *Id.* at 3–4. The nonspecific waiver clause states Riegel's "obligations under this Guaranty shall be unconditional, irrespective of . . . any other circumstance that might otherwise constitute a legal or equitable discharge or defense" (the General Waiver Clause).[7] *Id.* at 3–4.

---

[6]The Hovdes dispute certain of Riegel's statements of fact relating to the language of the Guaranty, arguing that Riegel makes "conclusions of law." Pls.' Resp. DSOF ¶¶ 32–35. The Court therefore looks directly to the language of the Guaranty.

[7]The full waiver states:

> Guarantor hereby agrees that, except as hereinafter provided, its obligations under this Guaranty shall be unconditional, irrespective of (i) the validity or enforceability of Borrower's Liabilities or any part thereof, or of any promissory note or other document evidencing all or any part of Borrower's Liabilities, (ii) the absence of any attempt to collect Borrower's Liabilities from Borrower or any other guarantor or other action to enforce the same, (iii) the waiver or consent by Lenders with respect to any provision of any instrument evidencing Borrower's Liabilities, or any part thereof, or any other agreement heretofore, now or hereafter executed by Borrower and delivered to Lenders, (iv) failure by Lenders to take any steps to perfect and maintain its security interest in, or to preserve its rights to, any security or collateral for Borrower's Liabilities, (v) the institution of any proceeding under Chapter 11 of Title 11 of the United States Code (11 U.S.C. §101 et seq.), as amended (the "Bankruptcy Code"), or any similar proceeding, by or against Borrower, or Lenders's election in any such proceeding of the application of Section 1111(b)(2) of the Bankruptcy Code, (vi) any borrowing or grant of a security interest by Borrower as debtor-in-possession, under Section 364 of the Bankruptcy Code, (vii) the disallowance, under Section 502 of the Bankruptcy Code, of all or any portion of Lenders's claim(s) for repayment of Borrower's Liabilities, or (viii) any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor.

4

## Standard of Review

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Vill. of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2).

---

DSOF ¶ 35 (citing Guaranty at 3-4).

**Analysis**

As noted in the Background Section, because the Hovdes filed this lawsuit to collect on the Guaranty more than ten years after it became due, the issue before Court is whether the language in the Guaranty waives the statute of limitations.[8]

As to be expected, Riegel argues that the Guaranty is not explicit enough to waive the statute of limitations defense, and thus summary judgment should be entered in his favor. Riegel stresses that both the United States Supreme Court and the Illinois Supreme Court have held that "[s]tatutes of limitations are foundational in facilitating fairness." Def.'s Memo. SJ at 2 (citing *Gabelli v. S.E.C.*, 568 U.S. 442, 448–49 (2013) ("Statutes of limitations are intended to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.") (internal citations and quotations omitted); *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 334 N.E.2d 160, 162 (Ill. 1975) ("The primary purpose of limitation periods is to require the prosecution of a right of action within a reasonable time to prevent the loss or impairment of available evidence and to discourage delay in the bringing of claims.") (internal citations omitted)); *see also Sepmeyer v. Holman*, 642 N.E.2d 1242, 1245 (Ill. 1994) ("The rules limiting actions also serve the orderly administration of justice by promoting the interests of

---

[8]The Hovdes correctly point out—and Riegel does not dispute—that it matters not that the Court entered judgment in favor of ISLA on the Note; a guarantor can still be liable even when "no obligor remains on a note," so long as the guaranty provides for continuing liability, as the Guaranty does here. R. 141, Pls.' Resp./Cx.-Memo. at 5 (citing *Riley Acquisitions, Inc. v. Drexler*, 946 N.E.2d 957, 964 (Ill. App. Ct. 2011), *as modified on denial of reh'g* (Apr. 5, 2011)).

predictability and finality."); *Sundance Homes, Inc. v. Cty. of DuPage*, 746 N.E.2d 254, 260–61 (2001) (same).

Riegel maintains that before a party can be found to have waived a statutory right, his waiver must be explicit, clear, and unmistakable. Def.'s Memo. at 3–5 & Def.'s Reply/Cx.-Resp. at 5–7 (citing *Metro. Edison Co. v. N.L.R.B.*, 460 U.S. 693, 708 (1983) (finding that a union did not waive the statutorily protected right to strike over an unfair labor practice, holding that the Court "will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated'[; put m]ore succinctly, the waiver must be clear and unmistakable"); *Gallagher v. Lenart*, 874 N.E.2d 43, 61–62 (Ill. 2007) (holding that a settlement agreement between employee and employer containing general release did not waive the workers compensation lien, because "the workers compensation lien is deeply rooted in the overall scheme of the Workers' Compensation Act," so an explicit waiver is required, and collecting cases from "various other contexts, [when] an important statutory right is at issue, an explicit manifestation of intent is required before the right in question can be deemed waived"); *Elsener v. Brown*, 996 N.E.2d 84, 105 (Ill. App. Ct. 2013) (finding that a general waiver, including a waiver not to "sue or lodge any claim, demand, or cause of action against Employer for any sums . . . other than those sums specified" in the

agreement did not preclude employee from seeking attorney fees and interest under the Illinois Wage Act)).[9]

The Hovdes, on the other hand, argue that the Guaranty explicitly waives the defense, so summary judgment should be entered in their favor. The Hovdes contend—and Riegel does not dispute—that Illinois Courts allow statute of limitations defenses to be expressly or impliedly waived. R. 141, Pls.' Cx.-Memo./Resp. at 2 (citing *Hassebrock v. Ceja Corp.*, 29 N.E.3d 412, 423 (Ill. App. Ct. 2015)); R. 143, Def.'s Reply/Cx.-Resp. at 4 (citing *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1140 (7th Cir. 2009)).[10] The Hovdes do not contend

---

[9] *See also In re Marriage of Kolessar & Signore*, 964 N.E.2d 1166, 1172 (Ill. App. Ct. 2012) (waiver of right to interest under the Marriage Act must be explicit); *Vill. of Bellwood v. Am. Nat. Bank & Tr. Co. of Chicago*, 952 N.E.2d 148, 152, 155–56 (Ill. App. Ct. 2011) (settlement agreement including waiver of parties' rights to appeal and stating that the order "is final and disposes of all issues that have been raised or could have been raised in th[e] action" was not specific enough to waive village's right to abandon eminent domain proceedings pursuant to the Eminent Domain Act).

[10] While both cases cited by the parties (*Hassebrock* and *Delta*) contain conclusory language stating that "statute-of-limitations defenses can be expressly waived," those cases only substantively address implied waiver. The parties do not cite—and this Court is not aware of—any Illinois cases that substantively address an express waiver in a contract that permanently waives the statute of limitations. But it appears that it is the majority view that such waivers made at the inception of a contract are void. *See Umpqua Bank v. Gunzel*, 483 P.3d 796, 806 (Wash. App. Ct. 2021) (applying Oregon law); *Petty v. Marvin Lumber & Cedar Co.*, 644 Fed. App'x. 272, 273 (4th Cir. 2016) (applying North Carolina law); *Haggerty v. Williams*, 855 A.2d 264, 269 (Conn. App. 2004) (collecting cases from Utah, the District of Columbia, Arkansas, Colorado, Massachusetts, Alaska, Arizona, Kansas, Kentucky, Missouri, New York, Ohio, and Texas supporting the majority view, and just one Montana case supporting the minority view). *Haggerty* engaged in a lengthy analysis of the issue, considering the majority and minority views, as well as the two primary public policy reasons generally given for the enactment of a statute of limitations: "(1) it reflects a policy of law, as declared by the legislature, that after a given length of time a [defendant] should be sheltered from liability and furthers the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty, free from the disruptive burden of protracted and unknown potential liability . . . and (2) to avoid the difficulty in proof and record keeping which suits involving older [claims] impose . . . ." 855 A.2d at 269. The Illinois Supreme Court has articulated these two same reasons in the context of a defamation suit.

8

that Riegel impliedly waived the statute of limitations defense. *See generally* Pls.' Resp./Cx.-Memo. Therefore, the crux of the parties' dispute is whether the language in the Guaranty expressly waived the 10-year statute of limitations under to 735 ILCS 5/13–206.

The Hovdes concede, as they must, that the Guaranty does not include language explicitly stating that the "statute of limitations is waived" or referencing the specific statute of limitations, 735 ILCS 5/13–206. However, they argue that the language of the Guaranty nonetheless is sufficiently explicit to waive the statute of limitations. *See* Pls.' Resp./Cx.-Memo. at 2–3.

Conversely, Riegel argues that because the statute of limitations is governed by statute (here, the 10-year period articulated in 735 ILCS 5/14–206), there is a high bar to find that a party has waived it, which the Hovdes have not met. Def.'s Memo. at 3. Riegel relies on a number of cases holding that the waiver of statutory defenses must be explicit, arguing that the language in the Guaranty does not satisfy that standard.

Riegel insists that *Northbrook Bank & Tr. Co. v. O'Malley*, 2017 WL 1268094 (Mar. 31, 2017)[11] is instructive, as it concerned the enforcement of a guaranty and

---

*See Tom Olesker*, 334 N.E.2d at 162; *Sepmeyer*, 642 N.E.2d at 1245. Notably, multiple Illinois courts have allowed contracts to expressly *shorten* the statute of limitations, *see Zerjal*, 939 N.E.2d at 1075, but it does not appear that it any Illinois courts have decided whether an express, permanent waiver of the limitations period offends public policy. Based on the foregoing, the Court predicts that the Illinois Supreme Court would fall within the majority view, but it need not definitively decide the issue for purposes of this Opinion.

[11]The Court acknowledges that *Northbrook* is an unpublished opinion that cannot be cited as precedent under Illinois Supreme Court Rule 23. The Court cites it as persuasive authority, not binding precedent.

involved "an even more specific waiver of defenses than found here." Def.'s Memo. at 5. The *Northbrook* guaranty stated,

> Continuing Guaranty. Each Guarantor agrees that the performance of the Borrower's Obligation by each Guarantor shall be a primary obligation, shall not be subject to any counterclaim, set-off, abatement, deferment or defense based upon any claim that any Guarantor may have against Lender, Borrower, any other guarantor *** or any other person or entity, and shall remain in full force and effect without regard to, and shall not be released, discharged or affected in any way by, any circumstance or condition *** including without limitation: c. Any furnishing, exchange, substitution or release of any collateral securing repayment of the Loan, or any failure to perfect any lien in such collateral ***.

2017 WL 1268094, at *1. The lender in *Northbrook* entered into a settlement, in which it accepted a deed in lieu of foreclosure, without consulting the guarantor. *Id.* at *2. The lender subsequently sued the guarantor for breach of the guaranty. *Id.* at *3. The court rejected the lender's argument that the "Continuing Guaranty" language waived the guarantor's statutory protection under 735 ILCS 5/15–1401, which requires that a guarantor "contemporaneously agree" to the transfer of a deed in lieu of foreclosure in order to maintain his personal liability. *Id.* at *8. The Hovdes argue that *Northbrook* is inapposite because it is limited to the statute at issue, which operates as a release and cannot be *prospectively* waived, as its very language requires a "contemporaneous release." Pls.' Resp./Cross-Memo. at 6. But the Court agrees with Riegel that, although the *Northbrook* court found that the use of the word "contemporaneous" in the statute *supported* its holding that the Continuing Guaranty did not operate as a prospective release of the rights afforded by 734 ILCS 5/15–1401, the court's holding was *primarily* based upon the fact that the Continuing Guaranty did not explicitly waive the guarantor's rights under section 15–1401. 2017

10

WL 1268094, at *7–8 (relying on *Gallagher*, 874 N.E.2d 43, among other cases, and noting that the Continuing Guaranty did not use the term waiver, explicitly reference section 15–1401, or the effect of a deed in lieu of foreclosure, and thus did not explicitly waive the guarantor's statutory rights).

True, as the Hovdes point out, none of the cases cited by Riegel address statutes of limitations; rather, they involve other statutory rights, and apart from *Northbrook*, do not involve guaranties. Pls.' Resp./Cx.-Memo. at 6–7. However, the cases cited by the Hovdes are not exactly on point either. Apart from two cases standing for the general proposition of law that Illinois courts allow statutes of limitations to be expressly waived, *Hassebrock*, 29 N.E.3d 412; *Vill. of Lake In The Hills v. Illinois Emcasco Ins. Co.*, 506 N.E.2d 681, 683 (Ill. App. Ct. 1987), the remainder of the cases relied on by the Hovdes address waiver of other *non-statutory* rights, although within the guaranty context. Pls.' Resp./Cx.-Memo. at 2–6 (citing *F.D.I.C. v. Rayman*, 117 F.3d 994, 996 (7th Cir. 1997) (where a guarantor signed absolute and unconditional guaranty, in which he also explicitly waived his right to receive notices, the guarantor could not raise defenses of impairment of collateral and good faith and fair dealing); *Chrysler Credit Corp. v. Marino*, 63 F.3d 574, 577, 579–580 (7th Cir. 1995) (a guarantor could not rely on defenses, styled as counterclaims, of fraudulent concealment or commercial reasonableness (a viable defense at the time), where a clause in guaranty waived "'each and every defense' under principles of guaranty or suretyship law"); *FIMSA, Inc. v. Unicorp Fin. Corp.*, 759 F. Supp. 1297,

11

1301 (N.D. Ill. 1991) (clause in guaranty waiving "every defense" encompassed tortious interference defense).

The Hovdes argue that *Rayman* is instructive, as the Seventh Circuit allowed a suit to proceed against a guarantor, in which the suit was brought *thirty years* after the guaranty was made. Pls.' Resp./Cx.-Memo. at 4 (citing *Rayman*, 117 F.3d at 996). But *Rayman* is less helpful than it may appear at first blush for two reasons. First, the suit was filed thirty years after the guaranty was *signed*—not after the guaranty became *due*; of course, it is possible that the complaint was filed past the statute of limitations, but that is not clear from the facts cited in the opinion. *Rayman*, 117 F.3d at 996–97. Second, and relatedly, the Seventh Circuit specifically held that under the guaranty, the guarantor "waived the defenses he raises," namely the implied covenant of good faith and fair dealing and impairment of collateral; such language left open the door that the guarantor could have raised, but did not raise, the statute of limitations as a defense notwithstanding the fact that the guaranty was "absolute and unconditional." *Id.*

In their Cross-Reply, the Hovdes also argue that *AAR Aircraft & Engine Grp., Inc. v. Edwards*, 272 F.3d 468, 470–71 (7th Cir. 2001) is "highly instructive," as the Seventh Circuit held that the absolute and unconditional guaranty could waive all defenses available but for the defense of commercial reasonableness, because it found that Illinois law prohibits that defense being waived under 810 ILCS 5/9–501(3) (codifying U.C.C. § 9–501(3)). R. 145, Pls.' Cx.-Reply at 4. True, *AAR Aircraft* contains some broad language, positing that "[a]lthough we held in other contexts that Illinois

12

law permits absolute waivers to defeat all of a guarantor's defenses, those cases did not involve U.C.C. § 9–501(3)'s express prohibition on waivers of commercial reasonableness." 272 F.3d at 473 (citing *Rayman*, 117 F.3d at 998; *United States v. Shirman*, 41 F.R.D. 368, 370 (N.D. Ill. 1966)). But the cases relied on by *AAR Aircraft* did not involve statutory defenses (including waivable statutory defenses). Moreover, at least one court in this district has relied on *AAR Aircraft* for the proposition that the defense of commercial reasonableness was not waived by an absolute guaranty, but also finding that certain other defenses must be *specifically* waived in a guaranty. *See LaSalle Bus. Credit, Inc. v. Lapides,* 2003 WL 722237, at *14 (N.D. Ill. Mar. 3, 2003) (relying on *AAR Aircraft* , 272 F.3d at 472–73 in holding that an absolute guaranty could not waive the right to commercial reasonableness, but also finding that the guaranty's waiver did not "expressly disavow the covenant of good faith and fair dealing," such that the guarantor could invoke that defense). As such, the Court disagrees with the Hovdes that *AAR Aircraft* stands for the proposition that an unconditional guaranty waives all defenses unless such defenses are *unable* to be waived under Illinois law. Pls.' Cx.-Reply at 4.

Based on a close reading of the cases cited by the parties, none of which is directly on-point, the Court agrees with Riegel that the cited cases demonstrate that any waiver of statutory rights require more explicit waivers than common law defenses, and as such, a waiver must be "knowing, voluntary, and intentional." *Elsener,* 996 N.E.2d at 105 (citing *In re Estate of Ferguson*, 730 N.E.2d 1205 (Ill. App. Ct. 2000) ("Individuals generally may waive substantive rules of law, statutory

13

rights, and even constitutional rights enacted for their benefit" so long as the waiver is "knowing, voluntary, and intentional.") (citations omitted)). This finding is strengthened by language from Illinois cases that have held that the waiver of statutes of limitations is available, so long as the waiver is knowing, intentional, and voluntary. *See Zerjal v. Daech & Bauer Const., Inc.*, 939 N.E.2d 1067, 1075 (Ill. App. Ct. 2010) ("[A] waiver requires that a person knowingly possess a right and, with that knowledge, manifest his desire to intentionally relinquish that right. . . . [I]t is well established that parties to a contract may agree upon a shortened contractual limitations period to replace a statute of limitations, as long as it is reasonable."). And, as noted above, the United States Supreme Court and the Illinois Supreme Court have both articulated the important policy considerations behind statutes of limitations. *See Gabelli*, 568 U.S. at 448–49; *Tom Olesker*, 334 N.E.2d at 162; *Sepmeyer*, 642 N.E.2d at 1245. The Court is not convinced that there is any daylight between the importance of the statutory right of a limitations period and the statutory rights requiring explicit waivers in the cases cited by Riegel.

The question then, is whether the language in the Guaranty is explicit enough to demonstrate that any potential waiver of the statute of limitations was sufficiently explicit, "knowing, voluntary, and intentional." The parties focus most of their respective briefs on different clauses in the Guaranty: Riegel focuses his arguments

14

on the General Waiver Clause, whereas the Hovdes focus on the Continuing Waiver Clause.

It is a fairly easy answer as to what Riegel refers to as the "non-specific waiver clause," which states that Riegel's "obligations under this Guaranty shall be unconditional, irrespective of . . . any other circumstance that might otherwise constitute a legal or equitable discharge or defense." Guaranty at 3–4. Under Illinois law, which requires a specific waiver of statutory defenses like the statute of limitations, this general waiver language is insufficient to waive a statute of limitations defense. *See Gallagher*, 874 N.E.2d 43; *LaSalle*, 2003 WL 722237, at *14 (nearly identical non-specific waiver clause in absolute guaranty did not waive defense of the covenant of good faith and fair dealing, which court found could only be waived via "express disavowal"); *see also W.-S. Life Assurance Co. v. Kaleh*, 879 F.3d 653, 661 (5th Cir. 2018) (holding that similar general waiver clause did not waive the guarantor's statute of limitations defense because under Texas law, a "general agreement in advance to waive limitations is void and that the waiver must be specific and for a pre-determined length of time to be enforceable") (internal citations and quotations omitted).[12]

It is a much closer question, however, as to the Continuing Guaranty Clause highlighted by the Hovdes, which states that the "[G]uaranty shall in all respects be

---

[12] The Hovdes argue that cases from foreign jurisdictions "may not be cited on the issue of the statute of limitations in this case" because they operate under different statutes and common law than Illinois. Pls.' Cx.-Resp./Memo. at 7. Although it is true that Illinois law applies here and cases applying the law of different states are not binding, where there is no direct in-jurisdiction authority, the Court may look to the law of other states for persuasive purposes.

15

continuing, absolute and unconditional, and shall remain in full force and effect with respect to any Guarantor until satisfaction in full of the Borrower's Liabilities . . . ." Guaranty at 1–2. The Hovdes maintain that a reading of the "plain and ordinary meaning" of the terms, "continuing, absolute and unconditional" demonstrate that it is unambiguous that the Continuing Guaranty Clause waives every single defense, including statutory defenses. Pls.' Resp./Cx.-Memo. at 3 (citing Black's Law Dictionary (defining "absolute" as "[f]ree from restriction, qualification or condition" and "unconditional" as "not limited by a condition; not depending on an uncertain event or contingency"; absolute)). It is true that courts should interpret language of a contract according to its plain meaning; however, Illinois courts have construed the terms "continuing, absolute, and unconditional" as terms of art when used in guaranties.

A guaranty can be absolute or conditional. "An absolute guaranty is a contract in which the guarantor promises that if the debtor does not perform the principal obligation, the guarantor will perform some act (such as the payment of money) for the creditor's benefit, the only condition being the principal's default[; a] guaranty that is absolute and unconditional is one that requires no condition precedent to its enforcement against the guarantor other than mere default by the principal debtor." 38 Am. Jur. 2d Guaranty § 13; *see also N. Tr. Co. v. VIII S. Michigan Assocs.*, 657 N.E.2d 1095, 1105 (Ill. App. Ct. 1995). Similar to the General Waiver Clause, the classification of a guaranty as "absolute" and "unconditional" operates as a general

16

bar to a guarantor's defenses, but the Court does not find that such a classification is specific enough to waive statutory defenses like the statute of limitations.

Similarly, the term "continuing" is a term of art when used in a guaranty: a guaranty can be continuing or restricted. "A continuing guaranty is one not limited to a single transaction but contemplating a future course of dealing and covering a series of transactions, generally for an indefinite period or until revocation." 20 Ill. Law and Prac. Guaranty § 15 (citing *Weger v. Robinson Nash Motor Co.*, 340 Ill. 81, 84, 172 N.E. 7, 9 (1930)). "Where a guaranty is a continuing one, and is not in terms limited as to duration or amount, it will be construed to be limited to such time and amount as are reasonable under the circumstances of the particular case." *Id.* (citing *Mamerow v. National Lead Co.*, 69 N.E. 504 (1903)). Cases interpreting a "continuing" guaranty, have found that a guarantor is on the hook "during the course of dealing," even if such course of dealing is indefinite. *See Phelps Dodge Corp. v. Schumacher Elec. Corp.*, 415 F.3d 665, 667–68 (7th Cir. 2005) (collecting cases). It does not mean that the guarantor is liable "until the Day of Judgment" *after* such dealings have ceased. *Id.* In fact, the Seventh Circuit found that it may be "necessary or appropriate to interpolate a time limit into a continuing guaranty [] where, the course of dealing to which the guaranty was tied having ceased, the guarantor reasonably assumed that the guaranty had lapsed—only to discover that, perhaps many years later, the parties to the course of dealing . . . had resumed their dealings." *Id.* at 668. Under this principle, a continuing guaranty does not waive a statute of limitations, which necessarily only starts accruing on a guaranty once the course of

17

dealing has ceased and the underlying debt has become due. Based on the facts of here—and the law of the case—there is no question of fact that there were no "dealings" relevant to the Guaranty after September 2, 2008 when the Note (and the attendant Guaranty) accelerated and became due. That the Guaranty is continuing and not restricted does not vitiate the application of the statute of limitations.

So, that leaves the language that the Guaranty "shall remain in full force and effect with respect to any Guarantor until satisfaction in full of the Borrower's Liabilities . . . ." Guaranty at 1–2. At first blush, such language appears to extend Riegel's liability under the Guaranty indefinitely, until the Note is paid in full, regardless of the statute of limitations. But, on its face, there is still no explicit reference to the "statute of limitations" or the relevant statute, 735 ILCS 5/13–206. The Court finds instructive *Korf v. Fansler*, 373 N.E.2d 325, 326 (Ill. App. Ct. 1978), cited by Riegel, in which the court rejected the plaintiff's contention that defendant waived the statute of limitations by the terms of the note expressly waiving "diligence in collection." In so holding, the court relied on *In re Estate of Jorgensen*, 217 N.E.2d 290 (Ill. App. Ct. 1966), which found that "a similar note authorizing confession of judgment 'at any time after maturity' did not waive the statute of limitations." As Riegel points out, the Guaranty contains similar language to that in *Korf*, waiving "diligence for presentment, demand for payment, filing of claims with a court in the event of receivership or Bankruptcy of Borrower, protest or notice with respect to Borrower's Liabilities." Def.'s Memo. at 5 (citing Guaranty at 4). Although slightly different, the Court finds that the same reasoning applies to the language extending

18

the Guaranty here ("Guarantor until satisfaction in full of the Borrower's Liabilities"): such language is not explicit enough to waive the statute of limitations.[13] *See also U.S. on Behalf of Small Bus. Admin. v. Richardson*, 889 F.2d 37, 40 (3d Cir. 1989) (finding that a guaranty containing the phrase "'at any time,' lacks sufficient specificity to put the reader on notice of its consequences at the inception of the transactions[, because n]ot only does this phrase remain undefined, the paragraph fails to make any mention whatsoever of the term 'statute of limitations'").

The Court has come across a number of cases applying Illinois law and addressing guaranties that include *explicit* waivers of the statute of limitations. *See, e.g., Inland Mortg. Cap. Corp. v. Chivas Retail Partners, LLC*, 841 F. Supp. 2d 1029, 1037 (N.D. Ill. 2012) ("To the extent permitted by law, Guarantor hereby waives and agrees not to assert or take advantage of: . . . (b) the defense of the statute of limitations in any action hereunder or in any action for the performance of the Obligations hereby guaranteed . . . ."); *Visco Fin. Servs., Ltd. v. Siegel*, 2008 WL 5170855, at *3 (N.D. Ill. Dec. 10, 2008) ("The right to plead any and all types of statutes of limitations as a defense to any demand on this Note, or any guarantee of this Note, or to any agreement to pay the same, is hereby expressly waived by MAKER and GUARANTOR."); *Founders Ins. Co. v. Father & Son Home Improvement*

---

[13] Such a finding does not render any provision of the Continuing Guaranty Clause superfluous: as discussed above, the terms "absolute," "unconditional," and "continuing" each serve purposes apart from waiving the statute of limitations. The language that the Guaranty "shall remain in full force and effect with respect to any Guarantor until satisfaction in full of the Borrower's Liabilities" is commonly used in guaranties, and acts to prevent various contingencies (that can arise within the limitations period) from excusing the guarantor's performance, such as the sale of the underlying debtor. *See First Bank Se., N.A. v. Predco, Inc.*, 951 F.2d 842, 847 (7th Cir. 1992)

19

*II, Inc.*, 1 N.E.3d 663 (Ill. App. Ct. May 11, 2011) (unpublished). If the Hovdes had wanted to ensure that Riegel could not assert the statute of limitations as a defense, they should have included a similar, explicit waiver in the Guaranty. Therefore, the Court finds that no clause in the Guaranty is explicit enough to act as a waiver of the statute of limitations.

Finally, the Court must address one last issue: as the Hovdes correctly argue in their Cross-Reply, the Court intended these briefs to address the limited issue of "whether the statute of limitations defense to the Guaranty was waived and if not, its application to this case"—these briefs were not the appropriate place (or case) to argue about the preliminary injunction in the related case, 19-cv-06258. Pls.' Cx.-Reply at 3 (quoting R. 135). The Court will address next steps in the related case via a minute entry entered in that case.

## Conclusion

For the reasons stated above, the Court grants Riegel's Motion for Summary Judgment on Count II [136] and denies the Hovdes' Cross-Motion for Summary Judgment on Count II [138].

Dated: September 30, 2021

*Franklin Valderrama*
United States District Judge
Franklin U. Valderrama